Dear Mr. Polk:
We requote the substance of your inquiry as stated in your letter to this office:
An issue has arisen in Rapides Fire Protection District No. 2 pertaining to a service truck referred to as "Car 2". The question at hand is whether or not the person driving "Car 2" should hold the rank of fire equipment operator.
LSA-R.S. 33:1967.2 provides:
 A. As used in this Section, the term "fire fighting apparatus" shall mean any type of automotive equipment specifically designed for fire fighting purposes and shall not include standard passenger vehicles.
 B. Each unit of "fire fighting apparatus" operated by Fire District Number Two of Rapides Parish shall at times be manned by a fire fighter holding the rank of captain and a fire fighter holding the rank of engineer or driver. Such a minimum crew shall be provided on each shift for each unit of fire fighting apparatus in service in the department. Each such unit shall be under the control of the captain assigned to that unit and shall be operated by the engineer or driver so assigned.
"Car 2" is a two person vehicle and is assigned to the assistant chief on duty. The vehicle is used to transport firemen, SCBA, generators, lights, maps and various other hand tools and miscellaneous items all detailed in an attached inventory check list. The vehicle does not have a permanently mounted water pump and does not carry water or a fire hose.
LSA-R.S. 33:1967 controls our determination and provides:
Section 1967. Captain of force.
 Each force in each fire company shall be in charge of a member of the department holding the rank of captain. By the term force as used herein is meant any single piece of fire fighting apparatus. In any paid fire department operated by a municipality having a population of Thirteen Thousand or more and in any parish or fire protection district every fire fighting apparatus shall be operated by a member of the department holding the rank of engineer or fire driver, by whichever designation he may be known, provided the term fire fighting apparatus shall not be construed to include standard passenger vehicles, nor any other type of automotive equipment assigned to fire department use other than vehicles specially designed for fire fighting purposes. Provided further, however that all cities now having engineers or fire drivers operating fire cars or other fire vehicles shall continue this practice. (Emphasis added).
Prior to its amendment by Act 134 of 1962 the above provision read as follows:
Section 1967. Captain of force.
 Each force in each fire company shall be in charge of a member of the department holding the rank of captain or above. By the term force as used herein is meant any single piece of fire fighting apparatus.
Review of the above statute reveals that prior to 1962 the requirement was that any single piece of fire fighting apparatus must be "in charge" of a member of the department holding the rank of captain. There was no reference prior to 1962 as to who must "operate" each single piece of fire fighting apparatus.
The 1962 Act added the requirement that in certain cities and in all parish and fire protection districts, every piece of fire fighting apparatus must be "operated" by an engineer or fire driver but excluded from this requirement standard passenger vehicles or other automotive equipment not specifically designed for fire fighting purposes. The 1962 Act, however, also added the requirement that all cities having engineers or fire drivers "operating" fire cars or other fire vehicles at the time of its enactment, "shall" continue that practice.
Accordingly, it is our opinion that as of the effective date of Act 134 of 1962, if it was the practice of the Fire Protection District No. 2 of Rapides Parish to provide an engineer or fire driver for the operation of standard passenger vehicles, then the same practice must be continued.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Released: November 17, 1997
Kerry L. Kilpatrick Assistant Attorney General